## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**KRISTINA LEE KELLEY, Individually**
**and as Personal Administrator for the**
**ESTATE OF CAITLIN KELLEY FUCHS;**
**CASI RIGGS AND COURTNEY FUCHS**                                    **PLAINTIFF**

**V.**                                    **NO: 4:09CV000894 JMM**

**HYUNDAI MOTOR COMPANY;**
**HYUNDAI MOTOR AMERICA, INC;**
**and JOHN DOES 3 - 10**                                    **DEFENDANTS**
                                                            **THIRD-PARTY PLAINTIFFS**

**V.**

**JOSEPH GERKE**                                    **THIRD-PARTY DEFENDANT**

## ORDER

Pending are Plaintiffs' motion for partial summary judgment regarding the issue of comparative fault, docket # 39, and Third Party Defendant's motion to dismiss, docket # 42. For the reasons stated herein, the motions are DENIED.

### Facts

On September 2, 2005, a Hyundai Tiburon was involved in a fatal accident at the intersection of Highway 100 and Riverland Drive, Pulaski County, Arkansas. The driver of the vehicle was Joseph Gerke and the front-seat passenger was the decedent, Caitlin Fuchs. Both the driver and the rear passenger survived the accident. Caitlin Fuchs sustained fatal injuries in the accident. Plaintiffs argue that Miss Fuchs' death was caused by the "enhanced" injuries she suffered because of the lack of crashworthiness of the vehicle.

The parties agree that the driver of the vehicle lost control of the vehicle, the vehicle rolled

over and then collided with a stand of trees.  Plaintiffs contend that Miss Fuchs was partially ejected from the vehicle with the seatbelt wrapped around her body.  Defendants dispute this contention. Plaintiffs contend that after the accident, no person approached the vehicle or Miss Fuchs within 15 to 25 feet before the police and EMS arrived.  Defendants point to the testimony of Kathi Rogers and Jessica Worley, witnesses on the scene immediately after the accident, wherein both witnesses state that they did not know if someone approached the vehicle before the police and EMS arrived.

Plaintiffs claim that during the accident, the passenger-side roof caved in several inches into the passenger's space; the passenger door came open; Miss Fuchs was partially ejected due to seatbelt failures, and the passenger airbag failed to deploy.  Plaintiffs contend that Miss Fuchs suffered fatal injuries to her skull, face and jaw due to the failure of the safety devices and the vehicle's lack of crashworthiness.  Plaintiffs argue that Miss Fuchs would have survived the crash had the seatbelt and airbag functioned properly and the vehicle been crashworthy.

Defendants dispute Plaintiffs' theory.  Defendants dispute that Ms. Fuchs was partially ejected from the vehicle and further state that due to the unique way in which the accident occurred, it was not a deployable event for both  the passenger side and frontal airbags.  Defendants deny that the vehicle was not crashworthy and that the seatbelt and passenger airbag failed to function properly.

Plaintiffs seek partial summary judgment on the issue of comparative fault.  Plaintiffs argue that the jury should not be permitted to consider the fault of the third-party defendant Joseph Gerke. Plaintiffs contend that they seek to recover for the "enhanced injuries" and death suffered by Miss Fuchs as a result of the lack of crashworthiness of the vehicle.  Plaintiffs argue that the enhanced injury doctrine prohibits the comparison of fault in cases where a plaintiff alleges that she suffered

2

enhanced injuries due to an unsafe product or failed safety device.  Defendants contend that settled Arkansas law rejects this contention.

Also pending is Third-Party Defendant's motion to dismiss arguing that this suit, brought against him, was filed more than five years after the death of the decedent and is barred by the applicable statute of limitations.  Defendants/Third-Party Plaintiffs argue that the statute of limitations does not bar their claim.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough

> for the movant to bring up the fact that the record does not contain
> such an issue and to identify that part of the record which bears out
> his assertion.  Once this is done, his burden is discharged, and, if the
> record in fact bears out the claim that no genuine dispute exists on
> any material fact, it is then the respondent's burden to set forth
> affirmative evidence, specific facts, showing that there is a genuine
> dispute on that issue.  If the respondent fails to carry that burden,
> summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir.

1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome

of the suit under governing law will properly preclude the entry of summary judgment.  *Anderson*,

477 U.S. at 248.

## Discussion

The Arkansas Comparative Fault Statute, Ark. Code Ann. §16-64-122 provides:

> (a) In all actions for damages for personal injuries or wrongful death
> or injury to property in which recovery is predicated upon fault,
> liability shall be determined by comparing the fault chargeable to a
> claiming party with the fault chargeable to the party or parties from
> whom the claiming party seeks to recover damages.
>
> . . .
>
> (c) The word "fault" as used in this section includes any act,
> omission, conduct, risk assumed, breach of warranty, or breach of any
> legal duty which is a proximate cause of any damages sustained by
> any party. . . .

Arkansas also recognizes that two or more causes may "work together to produce damage."  AMI

Civil 2010, 501.  Plaintiffs argue that they seek to recover damages only for the enhanced injuries

caused by lack of crashworthiness of the vehicle which caused the partial ejection of Miss Fuchs

leading to her fatal injuries.  Plaintiffs argue that the facts are undisputed and demonstrate separable

injuries caused by Defendants.  Defendants dispute Plaintiffs contention that Miss Fuchs was ejected

from the vehicle relying on the eye witness testimony from two fact witnesses at the scene and expert testimony. Because disputed issues of fact exist on the issue of proximate cause, the Court finds that summary judgment is not proper.   Further, the Court finds no Arkansas law which indicates that the Arkansas Supreme Court would preclude the admissibility of comparative fault in enhanced injury cases.   In fact, in *Williams v. Mozark Fire Extinguisher Co.*, 318 Ark. 792, 888 S.W.2d 303 (1994) the Court affirmed the submission of the issue of the plaintiff's contributory negligence where the plaintiff claimed that her negligence in starting a fire was not relevant because the proximate cause of her loss was that the fire extinguisher system failed to extinguish a fire.   The Court held that the plaintiff's own negligence was a contributing proximate cause of her own damages as the fire and resulting damages would not have occurred without the negligence of the plaintiff and her employees.   Based on this reasoning, the Court is convinced that the Arkansas Supreme Court would allow the submission of comparative fault where a question of fact exists as to the cause of the plaintiff's damages.

Third-Party Defendant Gerke asks the Court to dismiss the Third-Party Complaint filed against him based on the statute of limitations.   Third-Party Plaintiffs were granted leave to file a third-party complaint against Gerke on November 19, 2010.   In the third-party complaint, Hyundai asserts that it is entitled to have Gerke's fault considered by the jury under the Civil Justice Reform Act of 2003, Ark. Code Ann. §§16-55-201 et. seq. and the Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. §§16-61-201 et. seq.   The Court agrees.   Third-party Plaintiff's action is not barred by the general tort or wrongful death statutes of limitation.

For these reasons, the motions (docket #'s 39 and 42) are DENIED.

IT IS SO ORDERED this 21st day of April, 2011.


James M. Moody
United States District Judge